## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                                    4:01cr43-SPM/AK

RENONDA S. WILLIAMS,

       Defendant.
_____/

### REPORT AND RECOMMENDATION

Defendant, proceeding *pro se*, has filed an amended motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255.  Doc. 59.  The Government has filed a response,

Doc. 63, and Defendant has filed a reply.  Doc. 64.  Defendant has also filed a supplement to his

§ 2255 motion pursuant to *Blakely*, Doc. 65, and a motion for adjudication of the merits pursuant

to *Booker*.  Doc. 66.  Having carefully considered the matter, the Court recommends that the §

2255 motion be denied.

Defendant was indicted in a two-count indictment of possession of a stolen firearm that

had been transported in interstate commerce and of possession of a firearm by a prior convicted

felon.  Before trial, counsel for Defendant moved to suppress the firearm at issue, a .22 caliber

semi-automatic rifle, on the ground that the investigating agents "tricked [Defendant] into

turning over a firearm by appealing to his civil duty of assisting the government in prosecuting [a

third party]." Doc. 14 at 3. On the day before contacting Defendant, the agents had checked his

criminal record and knew that he had been convicted of two felonies. *Id.* In Defendant's

estimation, the agents "gave [Defendant] the appearance they were seeking evidence to be used

against [another] when, in fact, the agents intended all along to use that evidence against

[Defendant]." *Id.* at 4. Thus, the firearm and Defendant's statement to the agents that he knew

the firearm was stolen should be suppressed. *Id.*

       The Court rejected all of Defendant's arguments and denied the motion to suppress,

Doc. 17, and the case proceeded to trial. As a preliminary matter, the Court addressed the issue

of a stipulation regarding Defendant's prior convictions:

| | |
|---|---|
| MR. LOWE: | There's been a stipulation by counsel for both sides and the defendant, and I would ask the court to inquire of the defendant if that's accurate as stated by myself at this point: That at all times material to this case and this indictment, the defendant was a convicted felon, as that has been defined under the statutes of the laws of the United States. |
| THE COURT: | Mr. Greenberg? |
| MR. GREENBERG: | Yes, Your Honor, that's correct. |
| THE COURT: | Mr. Williams, you have been here throughout these proceedings this morning? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And you heard the stipulation that Mr. Lowe stated and your lawyer agreed to? Is that correct? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And you understand that that then would mean that the government would not have to bring in witnesses and certified copies of convictions and parade it all before the |

jury to prove that you at all times material to this case were
a convicted felon.  You understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:            And you stipulate to that procedure?

THE DEFENDANT:  Yes, sir.

THE COURT:            Have you discussed it with Mr. Greenberg?

THE DEFENDANT:  Yes, sir.

THE COURT:            And are you satisfied with his advice and counsel?

THE DEFENDANT:  Yes, sir.

Doc. 45 at 11-12.  The question then arose as to whether the nature of Defendant's prior

convictions could be explored if he chose to take the stand.  After considering the matter, the

Court found that in light of the stipulation, the Government could not question Defendant

regarding the "name or nature of the prior offense if the defendant testifies."  *Id*. at 54.

When Defendant testified, he was immediately asked if he had "ever been convicted of a

felony."  *Id*. at 89.  Defendant replied, "Yes, one time."  *Id*.

During the Government's case in chief, it offered the testimony of Special Agent Don

Williams of the Bureau of Alcohol, Tobacco and Firearms.  Special Agent Williams testified,

without contradiction, that the firearm at issue had traveled in interstate commerce from

Connecticut, where it was manufactured, to Florida, where it was discovered.  *Id*. at 50-52.

The jury convicted Defendant on both counts.  Doc. 22.  In the usual course, the

Probation Officer prepared a Presentence Report for the Court's consideration.  Doc. 63, Ex. 1.

Under the section for Adult Criminal Convictions, the officer assessed one point for Defendant's

no contest plea to a charge of grand theft, for which the court withheld adjudication of guilt, but he assessed three points for a charge of robbery with a non-deadly weapon, for which Defendant was adjudicated guilty and sentenced to fifty-two months imprisonment. *Id*. at 7.  At sentencing, Defendant's counsel advised the Court that he "did not file any objections to the presentence report [because] [a]fter reviewing it, it appears that all the information contained in the report is correct."  Doc. 46 at 3.  He did, however, request a downward departure based on his position "that this case is outside the heartland...." *Id*. at 3-4.  After considering counsel's argument, the Court sentenced Defendant to sixty-three months imprisonment on each count, to run concurrently.  Doc. 37.

Defendant appealed solely on the basis that the Court erred in denying his motion to suppress.  The court of appeals rejected his arguments and affirmed his conviction.  Doc. 55. The instant motion to vacate ensued.

On this occasion, Defendant alleges that his counsel rendered ineffective assistance in four ways: (1) he failed to attack the Court's lack of subject matter jurisdiction; (2) he failed to object to the sentencing calculation and to contest the assessment of points for the prior convictions; (3) he allowed Defendant to be erroneously convicted for possession of a stolen firearm; and (4) he failed to raise any of these issues or other "more meritorious issues" at trial or on appeal.  Doc. 59 at 5-6 & Brief at 20 & 22.  Each of these issues will be addressed in turn.

## DISCUSSION

A general discussion of the standards governing ineffective assistance claims is appropriate at this juncture.  That task involves a consideration of *Strickland v. Washington*, 466 U.S. 668 (1984).

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.  The Court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice.  *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  The Court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance.  *Strickland*, 466 U.S. at 689-90.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment."  *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, the cases in which a defendant can properly prevail on an ineffective assistance of counsel claim "are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001). "The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler,* 218 F.3d at 1313. "[O]missions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Id*. (citation omitted).

I.      Counsel failed to attack Court's jurisdiction.

In his first claim for relief, Defendant charges that his counsel was ineffective for failing to attack the Court's jurisdiction over the firearms charges at issue. In Defendant's view,

because the charges "stemmed from a possession of the firearm in Florida," this was a "local crime" over which the federal court had no control.

Defendant's arguments are patently baseless.  Both statutes under which Defendant was prosecuted have withstood constitutional challenge and been found to be valid exercises of Congress' authority under the Commerce Clause of the United States Constitution.  *See United States v. Pritchett*, 327 F.3d 1183 (11th Cir. 2003) (upholding constitutionality of statute prohibiting possession of stolen firearm); *United States v. Scott*, 263 F.3d 1270 (11th Cir. 2001) (upholding constitutionality of statute prohibiting possession of firearm by prior convicted felon).  To secure a conviction under either statute, the Government need only prove that the firearm at issue traveled in interstate commerce at some point in the past.  *Pritchett*, 327 F.3d at 1186; *Scott*, 263 F.3d at 1274.  According to the *Pritchett* and *Scott* courts, past travel between two states is sufficient to establish the requisite nexus to interstate commerce.

In this case, the special agent testified unequivocally that the firearm at issue was manufactured in Connecticut–it was stamped on the barrel of the gun--and it was indisputably found in Defendant's possession in Florida.  This is sufficient for convictions under both statutes, and counsel cannot be ineffective for failing to lodge frivolous objections to this Court's jurisdiction.  This ground for relief is without merit.

II.     Counsel failed to object to sentencing calculation and to contest assessment of points for prior convictions.

In this ground for relief, Defendant argues that his attorney was ineffective "where his attorney has allowed his base offense level to be erroneously determined, and counsel has allowed the [Defendant's] prior convictions to be double counted, both of which caused the

[Defendant] to suffer an erroneous increase in sentence." Doc. 59 , Brief at 12.  According to

Defendant, his base offense level should have been substantially lower and counsel was

ineffective for failing to contest the prior conviction which resulted in the higher base level

offense.  *Id*.

   This claim is meritless, as there was nothing for counsel to contest regarding the

Guidelines calculation.  The Guidelines are clear that when a defendant has a prior felony

conviction for a crime of violence, the appropriate base offense level is 20, not 12, as Defendant

asserts.  U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A).  Furthermore, a prior felony

conviction which results in the higher base offense level is also counted for purposes of

determining the defendant's criminal history points and is not double counting, as Defendant

contends.  *Id*. at cmt. n.15.  In addition, a "diversionary disposition resulting from a...plea of <u>nolo</u>

<u>contendre</u> in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction

is not formally entered...."  *Id*. at § 4A1.2(f).

   Although he argues generally that he was not given an opportunity to contest his prior

convictions, Defendant cannot dispute his prior felony conviction for robbery as he stipulated to

its existence at trial and then candidly told the jury himself that he had a prior felony conviction

and even now, he provides only sketchy argument as to how counsel should have attacked the

convictions for robbery and grand theft.  For example, although he willingly agreed to the

stipulation regarding the robbery conviction, he now indicates that he was actually innocent of

the crime and pled guilty only because his attorney told him to do so.  Doc. 59 , Brief at 18.

However, he does not advise the Court why he would agree to a stipulation during trial which

not only formed the basis for an increased base offense level but was necessary to support one of the counts in the instant indictment if he was "actually innocent" of the robbery.  Furthermore, Defendant's sentence was not "enhanced," as he argues, both the three-point and one-point assessments being appropriate under § § 4A1.1 and 4A1.2, but even if it were, he was given ample notice in the Presentence Report that the robbery conviction would affect both the base offense level and his criminal history category and that the grand theft conviction would affect his criminal history category.  *See United States v. Cobia*, 41 F.3d 1473, 1476 (11th Cir. 1995) (notice of prior convictions in presentence report gave defendant sufficient opportunity to challenge validity and applicability of convictions at sentencing).  There is no indication in the record that Defendant did not review the Presentence Report with his attorney and he has not now made any argument to that effect, and, when offered the opportunity to speak directly to the Court at sentencing, he did not complain that he was unaware of the sentencing calculations or the probation officer's recommendation or that he wished to contest the constitutionality of his prior convictions.   As Defendant's base offense level and criminal history categories were properly calculated, counsel did not act deficiently in failing to challenge the calculations.  This ground should be denied.

III.    Counsel allowed Defendant to be erroneously convicted for possession of a stolen firearm.

In this claim, Defendant argues that his counsel rendered ineffective assistance because he is "actually innocent" of the stolen firearm charge because the gun did not travel in interstate commerce after it was stolen.  As previously discussed in Section II, *Pritchett* requires only that the Government prove that the stolen firearm traveled in interstate commerce at some point in

the past.  Such past interstate travel establishes "at least a minimal nexus with interstate

commerce sufficient to permit the indictment and conviction under 18 U.S.C. § 922(j) to stand."

*Pritchett*, 327 F.3d at 1186.  Defendant was therefore not "actually innocent" of the § 922 (j)

charge, and counsel was not ineffective for allowing him to be convicted on that count in the

indictment.

IV.     Counsel failed to raise these or other "more meritorious" issues at trial or on appeal.

As discussed *supra*, none of the issues raised in this motion are meritorious, and counsel

did not act deficiently by failing to raise any of them at trial or on appeal.  As to the other "more

meritorious" issues, Defendant has not advised the Court of their nature, and thus, the Court

cannot evaluate counsel's performance in that regard.  This issue is also meritless.

V.      Supplement and motion for adjudication.

*Booker* provides no relief to this Defendant.  Following its decision in *Blakely v.*

*Washington*, which involved the constitutionality of state sentencing guidelines and the

application of *Apprendi*, the United States Supreme Court determined that *Blakely* applies to the

Federal Sentencing Guidelines as well.  *United States v. Booker*, ____ U.S. ____, 124 S.Ct.

2519, 156 L.Ed. 2d 442 (2004).  However, the Eleventh Circuit has recently determined that

*Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional

rule falls squarely under the category of new rules of criminal procedure that do not apply

retroactively to § 2255 cases on collateral review."  *Varela v. United States*, 400 F.3d 864, 868

(11th Cir. 2005); *see also In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (because *Booker* is not

retroactively applicable on collateral review, defendant was not entitled to file second or

successive § 2255 motion).

Thus, Defendant's motion for adjudication on the merits on *Booker* grounds is without

merit and should therefore be denied.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255,

Doc. 59 , as supplemented by Doc. 65, be **DENIED**;

That the motion for adjudication on the merits, Doc. 66, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this **15th** day of June, 2005.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**